**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 17 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DISNEY ENTERPRISES, INC.; et al.,

Plaintiffs-counter-
defendants-Appellees,

v.

VIDANGEL, INC.,

Defendant-counter-claimant-
Appellant.

No.    17-56665

D.C. No.
2:16-cv-04109-AB-PLA

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Argued and Submitted August 9, 2018
Pasadena, California

Before:  TASHIMA and CHRISTEN, Circuit Judges, and RUFE,** District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Cynthia M. Rufe, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

Counter-Claimant VidAngel, Inc. (VidAngel) appeals a district court order dismissing VidAngel's counterclaims without leave to amend. We have jurisdiction under 28 U.S.C. § 1291 by virtue of the district court's certification of its dismissal order as a final judgment under Fed. R. Civ. P. 54(b). We review de novo. *Name.Space, Inc. v. Internet Corp. for Assigned Names & Numbers*, 795 F.3d 1124, 1129 (9th Cir. 2015). We affirm the dismissal.

1. VidAngel alleged that Counter-Defendants (the "Studios") violated Section 1 of the Sherman Act. Although "'[a]ll allegations of material fact are taken as true and are construed in the light most favorable to [VidAngel],'" *id*. (quoting *Coal. for ICANN Transparency, Inc. v. VeriSign, Inc.*, 611 F.3d 495, 501 (9th Cir. 2010)), VidAngel's factual allegations do not give rise to a plausible claim for relief. VidAngel argues that a collective bargaining agreement between the Studios and the Directors Guild of America (DGA) evidences a horizontal agreement to ban filtering. Contrary to VidAngel's assertions, the DGA agreement does not prohibit studios from editing or filtering productions. VidAngel also characterizes the Studios' collective refusal to license content to filtering companies like itself as a horizontal conspiracy in restraint of trade. However, the behavior at issue is "no more consistent with an illegal agreement than with rational and competitive business strategies, independently adopted by firms acting

2

within an interdependent market." *In re Musical Instruments & Equip. Antitrust Litig.*, 798 F.3d 1186, 1189 (9th Cir. 2015). VidAngel's other arguments—including its contentions that the Studios connived to prevent licensees from doing business with VidAngel and exploited their respective market power to enforce a vertical restraint on trade—are similarly unavailing.

2. VidAngel also brought state law claims under the "unlawful" and "unfair" prongs of California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200. Because VidAngel has not plausibly alleged a violation of federal antitrust laws, its claim under the "unlawful" prong of the UCL necessarily fails. Under the "unfair" prong of the UCL, VidAngel asserts that the Studios' conduct is harming the public at large. However, VidAngel's allegations demonstrate only that some consumers are unable to have their preferences satisfied by the free market; that, by itself, does not constitute a threat or injury to competition.

3. Finally, VidAngel brought a claim for intentional interference with prospective economic relations, accusing the Studios of disrupting its prospective economic relations with Google Play and Youtube. VidAngel's allegations fall short of stating a violation of Californian tort law because the advantages VidAngel sought from Google Play and Youtube were purely speculative. VidAngel did not have prior commercial ties to Google, and the negotiations

3

between them do not make it reasonably probable the contemplated economic advantage would have been realized but for the Studios' interference. In addition, VidAngel has not articulated a legally cognizable theory of why the Studios' interference was independently wrongful. *See Della Penna v. Toyota Motor Sales, U.S.A., Inc.*, 11 Cal. 4th 376, 392–93 (1995).

4. The district court did not err in denying VidAngel leave to amend its first amended complaint. The standard for granting leave to amend is generous, but leave may be denied if the proposed amendment either lacks merit or is inadequate to save the plaintiff's suit. *Chinatown Neighbourhood Ass'n v. Harris*, 794 F.3d 1136, 1144 (9th Cir. 2015). The deficiencies in VidAngel's counter-complaint cannot be cured by the facts VidAngel proposes to develop.

**AFFIRMED.**